# EXHIBIT A

Michael P. Lehmann (77152; mplehmann@furth.com)
Thomas P. Dove (51921; tdove@furth.com)
Christopher L. Lebsock (184546; clebsock@furth.com)
Jon T. King (205073; king@furth.com)
FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:    (415) 433-2070
Fax Number:  (415) 982-2076

Attorneys for Plaintiff and the Putative Class
(Additional Attorneys Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY TRUONG, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **C 06 7417 WHA** |
| v. | **CLASS ACTION COMPLAINT** |
| NVIDIA CORPORATION; ATI TECHNOLOGIES, INC.; and ADVANCED MICRO DEVICES, INC. | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiffs, by their attorneys, bring this civil action for damages and injunctive relief on behalf of themselves and all others similarly situated against the above-named Defendants, and demanding a trial by jury, complain and allege as follows:

**JURISDICTION AND VENUE**

1.    This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C. §26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, to recover damages under state antitrust and consumer protection laws, and to recover the costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiffs and all others similarly situated sustained as a result of the Defendants' violations of those laws.

75120.1

CLASS ACTION COMPLAINT

2.      The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.  The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and there are members of the Class who are citizens of a different state than the defendants.

3.      Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C. §1391 because defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in this District.

4.      The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

## DEFINITIONS

5.      As used herein, the term "Graphics Processing Units and Cards" are highly specialized semiconductors and related products that increase the speed, complexity and visual fidelity of digital images that can be displayed on graphical interfaces.

6.      As used herein, the term "Class Period" means the time period between Nov. 30, 2002 and the present.

## THE PARTIES

### The Plaintiff

7.      Plaintiff Henry Truong, an Oregon resident, indirectly purchased Graphics Processing Units and Cards from one or more of the Defendants during the Class Period, for end use and not for resale, and was injured as a result of Defendants' illegal conduct.

### The Defendants

8.      Defendant Nvidia Corporation ("Nvidia") is a business entity organized under the laws of Delaware, with its principal place of business at 2701 San

75120.1                              -2-

CLASS ACTION COMPLAINT

1  Tomas Expressway, Santa Clara, California 95050. During the time period covered by this

2  Complaint, Defendant Nvidia manufactured, sold and distributed Graphics Processing Units

3  and Cards to customers throughout the United States. Nvidia earned $2.375 billion in

4  revenues in 2005.

5          9.      Defendant ATI Technologies, Inc. ("ATI") is Canadian corporation

6  with its principal place of business located at 1 Commerce Valley Drive East, Markham,

7  Ontario, Canada L3T 7X6. During the time period covered by this Complaint, Defendant

8  ATI manufactured, sold and distributed Graphics Processing Units and Cards to customers

9  throughout the United States. ATI earned $2.222 billion in revenues in 2005.

10          **10.**     Defendant Advanced Micro Devices, Inc. ("AMD") is a Delaware

11  Corporation with its principal place of business located at One AMD Place, P.O. Box 3453,

12  Sunnyvale, California 94088-3453. On July 24, 2006 AMD and ATI announced a plan to

13  merge together in a deal valued at US$5.4 billion. The merger closed October 25, 2006.

14  The acquisition consideration included over $2 billion financed from a loan, as well as 56

15  million shares of AMD stock. During the time period covered by this Complaint, through

16  its acquisition of Defendant ATI, Defendant AMD manufactured, sold and distributed

17  Graphics Processing Units and Cards to customers throughout the United States.

18  **Co-Conspirators**

19          11.     Various others, presently unknown to Plaintiffs, participated as co-

20  conspirators with the Defendants in the violations of law alleged in this Complaint and have

21  engaged in conduct and made statements in furtherance thereof.

22          12.     The acts charged in this Complaint have been done by Defendants and

23  their co-conspirators, or were authorized, ordered or done by their respective officers,

24  agents, employees or representatives while actively engaged in the management of each

25  Defendant's business or affairs.

26

27

28

CLASS ACTION COMPLAINT

1      **13.**    Each of the Defendants named herein acted as the agent or joint

2  venturer of or for the other Defendants with respect to the acts, violations and common

3  course of conduct alleged herein.

4                    **CLASS ACTION ALLEGATIONS**

5      **14.**    Plaintiffs bring this suit as a class action pursuant Rules 23(b)(2) and

6  23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff

7  Class ("the Class") composed of and defined as follows:

8           All persons and entities residing in the United States who, from
            November 30, 2002 to the present, purchased computer Graphics
9           Processing Units and Cards in the United States indirectly from the
            Defendants for their own use and not for resale.    Specifically
10          excluded from this Class are the Defendants; the officers, directors or
            employees of any Defendant; any entity in which any Defendant has a
11          controlling interest; and any affiliate, legal representative, heir or
            assign of any Defendant.  Also excluded are any federal, state or local
12          governmental entities, any judicial officer presiding over this action
            and the members of his/her immediate family and judicial staff, and
13          any juror assigned to this action.

14      **15.**    This action has been brought and may be properly maintained as a

15  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

16  reasons:

17      a.    The Class is ascertainable and there is a well-defined community of

18  interest among the members of the Class;

19      b.    Based upon the nature of the trade and commerce involved and the

20  number of indirect purchasers of Graphics Processing Units and Cards, Plaintiffs believe

21  that the members of the Class number in the thousands, and therefore is sufficiently

22  numerous that joinder of all Class members is not practicable;

23      c.    Plaintiffs' claims are typical of the claims of the members of the Class

24  because Plaintiffs indirectly purchased Graphics Processing Units and Cards from one or

25  more of the Defendants or their co-conspirators, and therefore Plaintiffs' claims arise from

26  the same common course of conduct giving rise to the claims of the members of the Class

27  and the relief sought is common to the Class;

28

75120.1                                              -4-

CLASS ACTION COMPLAINT

1    d.    The following common questions of law or fact, among others, exist

2    as to the members of the Class:

3          i.    whether Defendants formed and operated a combination or conspiracy

4                to fix, raise, maintain or stabilize the prices of, or allocate the market

5                for, Graphics Processing Units and Cards;

6          ii.   whether the combination or conspiracy caused Graphics Processing

7                Units and Cards prices to be higher than they would have been in the

8                absence of Defendants' conduct;

9          iii.  the operative time period of Defendants' combination or conspiracy;

10         iv.   whether Defendants' conduct caused injury to the business or property

11               of Plaintiffs and the members of the Class;

12         v.    the appropriate measure of the amount of damages suffered by the

13               Class;

14         vi.   whether Defendants' conduct violates Section 1 of the Sherman Act;

15         vii.  whether Defendants' conduct violates Sections 16720 and 17200 of

16               the California Business and Professions Code;

17         viii. whether Defendants' conduct violates the antitrust, unfair competition,

18               and consumer protection laws of the other states as alleged below; and

19         ix.   the appropriate nature of class-wide equitable relief.

20    e.    These and other questions of law or fact which are common to the

21    members of the Class predominate over any questions affecting only individual members of

22    the Class;

23    f.    After determination of the predominate common issues identified

24    above, if necessary or appropriate, the Class can be divided into logical and manageable

25    subclasses;

26    g.    Plaintiffs will fairly and adequately protect the interests of the Class in

27    that Plaintiffs have no interests that are antagonistic to other members of the Class and have

28

75120.1                              -5-

CLASS ACTION COMPLAINT

1  retained counsel competent and experienced in the prosecution of class actions and antitrust

2  litigation to represent themselves and the Class;

3        h.    A class action is superior to other available methods for the fair and

4  efficient adjudication of this litigation since individual joinder of all damaged Class

5  members is impractical.  The damages suffered by individual Class members are relatively

6  small, given the expense and burden of individual prosecution of the claims asserted in this

7  litigation.  Thus, absent the availability of class action procedures, it would not be feasible

8  for Class members to redress the wrongs done to them.  Even if the Class members could

9  afford individual litigation, the court system could not.  Further, individual litigation

10  presents the potential for inconsistent or contradictory judgments and would greatly magnify

11  the delay and expense to all parties and to the court system.  Therefore, the class action

12  device presents far fewer case management difficulties and will provide the benefits of

13  unitary adjudication, economy of scale and comprehensive supervision by a single court;

14        i.    Defendants have acted, and refused to act, on grounds generally

15  applicable to the Class, thereby making appropriate final injunctive relief with respect to the

16  Class as a whole; and

17        j.    In the absence of a class action, Defendants would be unjustly

18  enriched because they would be able to retain the benefits and fruits of their wrongful

19  conduct.

20        k.    The Claims in this case are also properly certifiable under the laws of

21  the State of California, and of the other individual states identified below in the Fourth and

22  Fifth Claims for Relief.

23                    **NATURE OF TRADE AND COMMERCE**

24        16.    Throughout the period of time covered by this Complaint, Defendants

25  and their co-conspirators engaged in the business of marketing and selling Graphics

26  Processing Units and Cards throughout the United States.

27

28

CLASS ACTION COMPLAINT

17. Nvidia Corporation states on its website that it is the "worldwide leader in programmable graphics processor technologies."( < http://phx.corporate-ir.net/phoenix.zhtml?c=116466&p=irol-homeprofile > )  It further states that it creates products for computing, consumer electronics, and mobile device applications.  In its most recent form 10-Q, filed with the United States Securities and Exchange Commission on November 29, 2006, Nvidia stated that it has four major product-line operating segments:  the graphics processing unit, or GPU, Business; the media and communications processor, or MCP, Business; the Handheld GPU Business, and the Consumer Electronics Business.

18. Nvidia further stated that its GPU Business is composed of products that support desktop personal computers, or PCs, notebook PCs and professional workstations. Its MCP Business is composed of NVIDIA nForce products that operate as a single-chip or chipset that can off-load system functions, such as audio processing and network communications, and perform these operations independently from the host central processing unit, or CPU.  Nvidia's  Handheld GPU Business is composed of products that support handheld personal digital assistants, cellular phones and other handheld devices.  Its Consumer Electronics Business is concentrated in products that support video game consoles and other digital consumer electronics devices including Sony's PlayStation3 and Microsoft's Xbox360 videogame consoles.

19. The Nvidia GPU and MCP brands include Nvidia GeForce®, Nvidia GoForce®, Nvidia Quadro®, and Nvidia nForce®. Nvidia's product applications include video games, film production, broadcasting, industrial design, space exploration, and medical imaging.  Nvidia further states that "The world's leading PC and Handset OEMs [Original Equipment Manufacturers] incorporate Nvidia technology into their products, including Apple, Dell, Fujitsu Siemens, Gateway, HP, IBM, Lenovo, LG, Medion, Mitsubishi, Motorola, MPC, NEC, Samsung, Sony Electronics, Sony Ericsson, and Toshiba."  Nvidia further states that it "partners with a broad range of system builders,

1  such as Alienware, Falcon Northwest, HCL, SAHARA and Shuttle, to deliver solutions at

2  every price point." Additionally, Nvidia products have been adopted by the world's leading

3  add-in card and motherboard manufacturers, including ASUS, BFG, EVGA, Foxconn,

4  GIGABYTE, MSI, Palit, Point of View, and XFX.

5        20.    Defendant ATI stated in its 2005 Annual Report that it is one of the

6  world's leading leading providers of graphics processors and technologies. It further stated

7  that "Our graphics processing units (GPUs) are highly specialized semiconductors that

8  increase the speed, complexity and visual fidelity of digital images that can be displayed on

9  graphical interfaces." ATI further stated that its products are found in desktop and

10 notebook computers, and consumer electronics devices such as mobile phones, digital

11 televisions and game consoles.

12        21.    ATI's two primary markets for its semiconductor graphics products

13 are the PC and Consumer markets, and in the first quarter of fiscal 2005 it began to report

14 its financial results in two segments, PC and Consumer. Its PC segment includes all 3D

15 graphics, video and multimedia products, and chipsets developed for use in desktop and

16 notebook computers, including professional workstations, servers and home media PCs. Its

17 Consumer segment includes products used in mobile phones, PDAs, DTVs and consumer

18 electronics. In the PC segment, ATI's desktop GPU primary brands include Radeon

19 (desktop products), FireGL (workstations) and All-in-Wonder (multimedia products). Its

20 brand for notebook computer discrete products is Mobility Radeon. ATI's chipset products

21 are targeted to motherboard manufacturers and OEMs, and include the Radeon Xpress 200

22 integrated chipsets for the desktop and notebook markets and the Radeon Xpress CrossFire

23 Edition chipsets designed to be used in conjunction with one or more discrete graphics chips

24 in graphically demanding applications such as gaming.

25        22.    In its consumer segment, ATI's products are designed to provide

26 advanced visual and audio processing for color mobile phones and other handheld devices,

27 and include ATI's Imageon product line. With respect to digital television, ATI's Xilleon

28

CLASS ACTION COMPLAINT

1  and Theater products are highly integrated visual and signal processing solutions offered to

2  DTV and set-top box manufacturers.  In the game console market, the Microsoft xBox 360

3  and Nintendo GameCube both utilize ATI's products.

4        23.    ATI sells its products through various channels and to customers

5  including OEMs; system integrators who build ATI's products into their PCs; original

6  design manufacturers who add ATI's products to their PC motherboard products or graphic

7  board products; and both traditional and online distributors and retailers.

8        24.    The market for the manufacture and sale of Graphics Processing Units

9  and Cards is conductive to the type of collusive activity alleged here.  That market is

10  oligopolistic in nature.

11        25.    The market for the manufacture and sale of Graphics Processing Units

12  and Cards is subject to high manufacturing and technological barriers to entry.  Efficient

13  fabrication plants are large and costly.  Graphics Processing Units and Cards are also

14  subject to technological advances, so that firms within the industry must undertake

15  significant research and development expenses.

16        26.    The Graphics Processing Units and Cards industry has also been

17  subject to significant consolidation during the Class Period.

18        27.    Defendants sell their Graphics Processing Unites and Cards through

19  various channels including to manufacturers of electronic products and devices, and to

20  resellers of Graphics Processing Units and Cards.  These electronic products and devices

21  and Graphics Processing Units and Cards are then sold, directly or indirectly, to consumers

22  and are not altered during the course of sale.

23        28.    California is the largest market in the world for Graphics Processing

24  Units and Cards and is the worldwide center of the PC industry and other industries that

25  depend upon the Graphics Processing Units and Cards markets.  Statements concerning the

26  prices and market conditions for Graphics Processing Units and Cards were disseminated by

27  Defendants from and into California on a regular and continuous basis.

28

75120.1                                    -9-

CLASS ACTION COMPLAINT

**DEFENDANTS' ILLEGAL CONDUCT**

29.     On November 30, 2006, Defendant AMD announced that it "has received a subpoena from the U.S. Department of Justice ("DOJ") Antitrust Division in connection with the DOJ's investigation into potential antitrust violations related to graphics processors and cards." (<http://www.amd.com/us-en/Corporate/VirtualPressRoom/0,,51_104_543~114493,00.html>)  AMD further stated that "AMD entered the graphics processor business following the company's acquisition of ATI Technologies, Inc. last month (October 25, 2006)." *Id.*

30.     On November 30, 2006, Defendant Nvidia announced that it "has received a subpoena from the San Francisco Office of the Antitrust Division of the Department of Justice in connection with the DOJ's investigation into potential antitrust violations related to Graphics Processing Units and Cards." (<http://phx.corporate-ir.net/phoenix.zhtml?c=116466&p=irol-newsArticle&ID=937753&highlight=>). One report in the December 1, 2006 edition of the *San Jose Mercury News* indicated: "[t]he Department of Justice investigators asked Nvidia for pricing documents, customer agreements and other documents, company spokesman Michael Hara said Friday. 'They have asked for a pretty big data dump that goes back to the late '90s," Hara said. "It's a fairly broad request.' "
(<http://www.mercurynews.com/mld/mercurynews/business/technology/16143619.htm>. ) A December 2, 2006 article in the *San Francisco Chronicle* expanded on Mr. Hara's remarks: "Michael Hara, vice president of corporate communications at Nvidia, said the Justice Department requested documents going back eight or nine years. 'It's a broad range of documents relating to customers, competitors, product stack, prices, market studies -- everything, pretty much,' he said." (<http://www.sfgate.com/cgi-bin/article.cgi?file=/chronicle/archive/2006/12/02/BUGTFMNRS81.DTL&type=business>).

CLASS ACTION COMPLAINT

1    31.    In a report it was stated that "Gina Talamona, a spokeswoman for the

2    DOJ, said the agency is looking into possible anticompetitive practices within the 'graphics

3    processing unit and cards' industry."

4    (< http://news.com.com/Justice + Dept. + subpoenas + AMD%2C + Nvidia/2100-1006_3-

5    6140041.html?tag = st_lh >).

6    32.    Regular users of Nvidia and ATI graphics cards have voiced

7    suspicions of price-fixing collusion between the two companies in recent years.

8    (< http://episteme.arstechnica.com/eve/forums/a/tpc/f/174096756/m/340003858631/inc/-

9    1 >).

10    33.    One commentator has compared the DOJ's investigation of Graphics

11    Processing Units and Cards to its successful prosecution of manufacturers of Dynamic

12    Random Access Memory ("DRAM"), which has resulted in $731 million in criminal fines:

13    " 'If the DOJ wanted to, it could just go down every line in the semiconductor industry and

14    find the same issue,' said Gartner Inc. analyst Richard Gordon. That's because there are a

15    relatively few number of suppliers in the chip industry and an open flow of communication

16    between competitors and customers, who may not define price fixing the same way the DOJ

17    does, he said."

18    (< http://www.computerworld.com/action/article.do?command = viewArticleBasic&taxono

19    myName = government&articleId = 9005596&taxonomyId = 13&intsrc = kc_top >).

20    Similarly, in The San Francisco Chronicle article cited previously, "Crawford Del Prete of

21    International Data Corp. said the investigation is not surprising. 'I am not surprised that (the

22    Justice Department) is looking into this as there are few suppliers left, which aggregates

23    pricing power,' he said in an e-mail."

24    34.    Other news reports contained similar comments by analysts. The *San

25    Jose Mercury News* article quoted above had this to say: " 'I have to believe this stuff traces

26    back into history,' said Doug Freeman, an analyst with American Technology Research.

27    'As a consumer, I have noticed that the price points of video cards have always been pretty

28    75120.1                                    -11-

CLASS ACTION COMPLAINT

1  equal. The first mover comes out with a product that is $500 and the follower comes out

2  with a product that is $500. They tend not to be in price wars.' Ashok Kumar, an analyst

3  with Raymond James, said the Justice Department was possibly alerted by customers, such

4  as PC makers or the so-called white-box clone PC makers based in Taiwan who try to keep

5  their prices as low as possible. 'The question is, do prices fall with the normal trajectory of

6  the costs?' Kumar said."

7          35.     Defendants and their co-conspirators have engaged in a contract,

8  combination, trust or conspiracy, the effect of which was to raise the prices at which they

9  sold Graphics Processing Units and Cards to artificially inflated levels.

10          36.     Defendants, through their officers, directors and employees,

11  effectuated the aforesaid contract, combination, trust or conspiracy between themselves and

12  their co-conspirators by, among other things:

13          a.      participating in meetings and conversations, including through various

14  trade associations and committees, to discuss the prices of Graphics Processing Units and

15  Cards in the United States;

16          b.      agreeing, during those meetings and conversations, to charge prices at

17  specified levels and otherwise to increase and maintain prices of Graphics Processing Units

18  and Cards sold in the United States;

19          c.      issuing price announcements and quotations in accordance with the

20  agreements reached; and

21          d.      selling Graphics Processing Units and Cards to various customers in

22  the United States at non-competitive prices.

23          37.     Defendants' contract, combination, trust or conspiracy was centered

24  in, carried out, effectuated and perfected mainly in the State of California. Therefore, all

25  members of the Class, whether or not California residents, are entitled to recover under

26  California law, as well as the laws of their own states.

27

28

75120.1                                      -12-

CLASS ACTION COMPLAINT

## ACTIVE CONCEALMENT

38.     Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiffs. Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their higher-level executives.  Defendants and their co-conspirators publicly provided pre-textual and false justifications regarding their price increases. Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.  Plaintiffs did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this class action litigation was commenced.

39.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

40.     Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

41.     Beginning at a time presently unknown to Plaintiffs, but at least as early as November 30, 2002 and continuing through the present, the exact dates being unknown to Plaintiffs, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Graphics Processing Units and Cards in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

CLASS ACTION COMPLAINT

42.    In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

a.    To fix, raise, maintain and stabilize the price of Graphics Processing Units and Cards;

b.    To allocate markets for Graphics Processing Units and Cards among themselves;

c.    To submit rigged bids for the award and performance of certain Graphics Processing Units and Cards contracts; and

d.    To allocate among themselves the production of Graphics Processing Units and Cards.

43.    The combination and conspiracy alleged herein has had the following effects, among others:

e.    Price competition in the sale of Graphics Processing Units and Cards has been restrained, suppressed, and/or eliminated in the United States;

f.    Prices for Graphics Processing Units and Cards sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

g.    Those who purchased Graphics Processing Units and Cards directly or indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

191.    Plaintiffs have been injured and will continue to be injured in their business and property by paying more for Graphics Processing Units and Cards purchased indirectly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy, including paying more for personal computers and other products in which Graphics Processing Units and Cards is a component as a result

CLASS ACTION COMPLAINT

1  of higher prices paid for Graphics Processing Units and Cards by the manufacturers of those

2  products.

3        44.    Plaintiffs and the class are entitled to an injunction against

4  Defendants, preventing and restraining the violations alleged herein.

**Second Claim for Relief**

**(Violation of the California Cartwright Act)**

7        45.    Plaintiffs incorporate and reallege, as though fully set forth herein,

8  each and every allegation set forth in the preceding paragraphs of this Complaint.

9        46.    Defendants' contract, combination, trust or conspiracy was centered

10  in, carried out, effectuated and perfected mainly within the State of California, and

11  Defendant's conduct within California injured all members of the Class throughout the

12  United States.  Therefore, this claim for relief under California law is brought on behalf of

13  all members of the Class, whether or not they are California residents.

14        47.    Beginning at a time presently unknown to Plaintiffs, but at least as

15  early as November 30, 2002, and continuing thereafter at least up to the present,

16  Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust

17  in restraint of the trade and commerce described above in violation of Section 16720,

18  California Business and Professional Code.  Defendants, and each of them, have acted in

19  violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate

20  markets for, Graphics Processing Units and Cards at supra-competitive levels.

21        48.    The aforesaid violations of Section 16720, California Business and

22  Professions Code, consisted, without limitation, of a continuing unlawful trust and concert

23  of action among the Defendants and their co-conspirators, the substantial terms of which

24  were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, Graphics

25  Processing Units and Cards.

26        49.    For the purpose of forming and effectuating the unlawful trust, the

27  Defendants and their co-conspirators have done those things which they combined and

28

75120.1                                         -15-

CLASS ACTION COMPLAINT

1    conspired to do, including but in no way limited to the acts, practices and course of conduct

2    set forth above and the following:

    a.    to fix, raise, maintain and stabilize the price of Graphics Processing

    Units and Cards;

    b.    to allocate markets for Graphics Processing Units and Cards amongst

    themselves;

    c.    to submit rigged bids for the award and performance of certain

    Graphics Processing Units and Cards contracts; and

    d.    to allocate amongst themselves the production of Graphics Processing

    Units and Cards.

    50.    The combination and conspiracy alleged herein has had, inter alia, the

    following effects:

    a.    price competition in the sale of Graphics Processing Units and Cards

    has been restrained, suppressed and/or eliminated in the State of

    California and throughout the United States;

    b.    prices for Graphics Processing Units and Cards sold by Defendants

    and their co-conspirators have been fixed, raised, maintained and

    stabilized at artificially high, non-competitive levels in the State of

    California and throughout the United States; and

    c.    those who purchased Graphics Processing Units and Cards from

    Defendants and their co-conspirators have been deprived of the

    benefit of free and open competition.

    51.    Plaintiffs and the other members of the Class paid supra-competitive,

    artificially inflated prices for Graphics Processing Units and Cards.

    52.    As a direct and proximate result of Defendants' unlawful conduct,

    Plaintiffs and the members of the Class have been injured in their business and property in

    that they paid more for Graphics Processing Units and Cards than they otherwise would

CLASS ACTION COMPLAINT

1   have paid in the absence of Defendants' unlawful conduct. As a result of Defendants'

2   violation of Section 16720 of the California Business and Professions Code, Plaintiffs seek

3   treble damages and the costs of suit, including reasonable attorneys' fees, pursuant to

4   Section 16750(a) of the California Business and Professions Code.

5                               **Third Claim for Relief**

6                   **(Violation of the California Unfair Competition Law)**

7           53.    Plaintiffs incorporate and reallege, as though fully set forth herein,

8   each and every allegation set forth in the preceding paragraphs of this Complaint.

9           54.    Defendants' business acts and practices were centered in, carried out,

10  effectuated and perfected mainly within the State of California, and Defendant's conduct

11  within California injured all members of the Class throughout the United States.  Therefore,

12  this claim for relief under California law is brought on behalf of all members of the Class,

13  whether or not they are California residents.

14          55.    Beginning on a date unknown to Plaintiffs, but at least as early as

15  November 30, 2002, and continuing thereafter at least up through the present, Defendants

16  committed and continue to commit acts of unfair competition, as defined by Sections 17200,

17  et seq. of the California Business and Professions Code, by engaging in the acts and

18  practices specified above.

19          56.    This Claim is instituted pursuant to Sections 17203 and 17204 of the

20  California Business and Professions Code, to obtain restitution from these Defendants for

21  acts, as alleged herein, that violated Section 17200 of the California Business and

22  Professions Code, commonly known as the Unfair Competition Law.

23          57.    The Defendants' conduct as alleged herein violated Section 17200.

24  The acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as

25  alleged herein, constituted a common continuous and continuing course of conduct of unfair

26  competition by means of unfair, unlawful and/or fraudulent business acts or practices within

27

28

the meaning of California Business and Professions Code, Section 17200, et seq., including, but not limited to, the following:

  a.    The violations of Section 1 of the Sherman Act, as set forth above;

  b.    The violations of Section 16720, *et seq.*, of the California Business and Professions Code, set above;

  c.    Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

  d.    Defendants' act and practices are unfair to consumers of Graphics Processing Units and Cards in the State of California and throughout the United States, within the meaning of Section 17200, California Business and Professions Code; and

  e.    Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

  58.    Plaintiffs and each of the Class members are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices.

  59.    The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

  60.    The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused and continue to cause Plaintiffs and the members of the Class to pay supra-competitive and artificially-inflated prices for Graphics Processing Units and Cards.  Plaintiffs and the members of the class suffered injury in fact and lost money or property as a result of such unfair competition.

75120.1                                    -18-

CLASS ACTION COMPLAINT

1    61.    The conduct of Defendants as alleged in this Complaint violates

2  Section 17200 of the California Business and Professions Code.

3    62.    As alleged in this Complaint, Defendants and their co-conspirators

4  have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair

5  competition.  Plaintiff and the members of the Class are accordingly entitled to equitable

6  relief including restitution and/or disgorgement of all revenues, earnings, profits,

7  compensation and benefits which may have been obtained by Defendants as a result of such

8  business practices, pursuant to the California Business and Professions Code, Sections

9  17203 and 17204.

10                      **Fourth Claim for Relief**

11          **(Violation of State Antitrust and Unfair Competition Laws)**

12    63.    Plaintiffs incorporate and reallege, as though fully set forth herein,

13  each and every allegation set forth in the preceding paragraphs of this Complaint.

14    64.    By reason of the foregoing, defendants have entered into agreements

15  in restraint of trade in violation of Alabama Code §§8-10-1 et seq.

16    65.    By reason of the foregoing, defendants have entered into agreements

17  in restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

18    66.    By reason of the foregoing, defendants have entered into agreements

19  in restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal.

20  Bus. & Prof. Code §§17200 et seq.

21    67.    By reason of the foregoing, defendants have entered into agreements

22  in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

23    68.    By reason of the foregoing, defendants have entered into agreements

24  in restraint of trade in violation of Iowa Code §§553.1 et seq.

25    69.    By reason of the foregoing, defendants have entered into agreements

26  in restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

27

28

75120.1                                  -19-

CLASS ACTION COMPLAINT

70.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

71.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

72.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

73.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

74.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

75.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

76.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

77.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

78.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

79.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of the Pennsylvania common law.

80.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

81.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

82.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

83.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 et seq.

84.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

85.    Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for Graphics Processing Units and Cards. As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Graphics Processing Units and Cards than they otherwise would have paid in the absence of Defendants' unlawful conduct.

### Fifth Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

86.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

87.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

88.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§45.50.471 et seq.

89.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 et seq.

90.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §17200 et seq.

91.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 et seq.

92.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 et seq.

CLASS ACTION COMPLAINT

1        93.    Defendants have engaged in unfair competition or unfair or deceptive

2 acts or practices in violation of Hawaii Rev. Stat. §480 et seq.

3        94.    Defendants have engaged in unfair competition or unfair or deceptive

4 acts or practices in violation of Idaho Code §48-601 et seq.

5        95.    Defendants have engaged in unfair competition or unfair or deceptive

6 acts or practices in violation of Kansas Stat. §50-623 et seq.

7        96.    Defendants have engaged in unfair competition or unfair or deceptive

8 acts or practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

9        97.    Defendants have engaged in unfair competition or unfair or deceptive

10 acts or practices in violation of 5 Maine Rev. Stat. §207 et seq.

11        98.    Defendants have engaged in unfair competition or unfair or deceptive

12 acts or practices in violation of Montana Code §30-14-101 et seq.

13        99.    Defendants have engaged in unfair competition or unfair or deceptive

14 acts or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

15        100.    Defendants have engaged in unfair competition or unfair or deceptive

16 acts or practices in violation of New Mexico Stat. §57-12-1 et seq.

17        101.    Defendants have engaged in unfair competition or unfair or deceptive

18 acts or practices in violation of New York Gen. Bus. Law §349 et seq.

19        102.    Defendants have engaged in unfair competition or unfair or deceptive

20 acts or practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

21        103.    Defendants have engaged in unfair competition or unfair or deceptive

22 acts or practices in violation of Oregon Rev. Stat. §646.605 et seq.

23        104.    Defendants have engaged in unfair competition or unfair or deceptive

24 acts or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

25        105.    Defendants have engaged in unfair competition or unfair or deceptive

26 acts or practices in violation of South Carolina Code Laws §39-5-10 et seq.

27

28

106.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code §13-11-1 et seq.

107.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vermont §2451 et seq.

108.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code §46A-6-101 et seq.

109.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyoming Stat. §40-12-105.

110.   Class Members in the states listed above paid supra-competitive, artificially inflated prices for Graphics Processing Units and Cards.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the members of the Class have been injured in their business and property in that they paid more for Graphics Processing Units and Cards than they otherwise would have paid in the absence of Defendants' unlawful conduct.

### Sixth Claim for Relief

#### (Unjust Enrichment and Disgorgement of Profits)

111.   Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

112.   Defendants have been unjustly enriched through overpayments by Plaintiffs and Class members and the resulting profits.

113.   Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiffs and Class members.

114.   Plaintiffs seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class members may seek restitution.

75120.1                                    -23-

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.      That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

B.      That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

   a.      A restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief;

   b.      An unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second and Fourth Claims for Relief herein;

   c.      Violations of the state consumer protection and unfair competition laws identified in the Third and Fifth Claims for Relief herein; and

   d.      Acts of unjust enrichment as set forth in the Sixth Claim for Relief herein.

C.      That Plaintiffs and the Class recover damages, as provided by federal and state antitrust laws, and that a joint and several judgment in favor of Plaintiffs and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

D.      That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner: (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering into any other contract, conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose

CLASS ACTION COMPLAINT

1  or effect; and (2) communicating or causing to be communicated to any other person

2  engaged in the sale of Graphics Processing Units and Cards, information concerning bids of

3  competitors;

4      E.      That Plaintiffs be awarded restitution, including disgorgement of profits

5  obtained by Defendants as a result of their acts of unfair competition and acts of unjust

6  enrichment;

7      F.      That Plaintiffs and members of the Class be awarded pre- and post-judgment

8  interest, and that that interest be awarded at the highest legal rate from and after the date of

9  service of the initial complaint in this action;

10     G.      That Plaintiffs and members of the Class recover their costs of this suit,

11 including reasonable attorneys' fees as provided by law; and

12     H.      That Plaintiffs and members of the Class have such other, further, and

13 different relief as the case may require and the Court may deem just and proper under the

14 circumstances.

15

16

17 Dated:  December 4, 2006                    Respectfully submitted,

18

                                  By:  _____
19                                        Michael P. Lehmann
                                         Thomas P. Dove
20                                        Christopher L. Lebsock
                                         Jon T. King
21                                        FURTH LEHMANN & GRANT LLP
                                         225 Bush Street, 15th Floor
22                                        San Francisco, CA 94104-4249
                                         Telephone:  (415) 433-2070
23                                        Facsimile:   (415) 982-2076

24

25

26

27

28

Michael D. Hausfeld (mhausfeld@cmht.com)
Charles E. Tomkins (ctomkin@cmht.com)
Andrew B. Bullion (abullion@cmht.com)
Hilary K. Ratway (hratway@cmht.com)
COHEN MILSTEN HAUSFELD & TOLL,
    P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

75120.1

CLASS ACTION COMPLAINT

1

2                    **JURY TRIAL DEMAND**

3          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a

4    trial by jury for all issues so triable.

5

6    Dated:  December 4, 2006                    Respectfully submitted,

7                                        By: _____

8                                            Michael P. Lehmann
                                             Thomas P. Dove
9                                            Christopher L. Lebsock
                                             Jon T. King
10                                           FURTH LEHMANN & GRANT LLP
                                             225 Bush Street, 15th Floor
11                                           San Francisco, CA 94104-4249
                                             Telephone:  (415) 433-2070
12                                           Facsimile:   (415) 982-2076

13                                           Michael D. Hausfeld (mhausfeld@cmht.com)
                                             Charles E. Tomkins (ctomkin@cmht.com)
14                                           Andrew B. Bullion (abullion@cmht.com)
                                             Hilary K. Ratway (hratway@cmht.com)
15                                           COHEN MILSTEN HAUSFELD & TOLL,
                                                  P.L.L.C.
16                                           1100 New York Avenue, N.W.
                                             Suite 500, West Tower
17                                           Washington, D.C. 20005
                                             Telephone:  (202) 408-4600
18                                           Facsimile:   (202) 408-4699

19

20

21

22

23

24

25

26

27

28

75120.1                                -27-

CLASS ACTION COMPLAINT